## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**JUDGE HART**

| | |
|---|---|
| **BRIANNA JENKINS, by her father and next friend, DONNELL DAVIS,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, d/b/a Chicago Public Schools, Individually, and by and through its agents, servants or employees at Fenger High School, including DUSTIN BERRIEN; and FENGER HIGH SCHOOL, Individually, by and through its agents, servants, including DUSTIN BERRIEN; AND DUSTIN BERRIEN, Individually,** | ) |
| | ) |
| **Defendants.** | ) |
| **JANICE OLLARVIA, MR. EUGENE HENRY, MS. NICHOLS, MS. BERRIEN, and WINSTON HALL, DONDELAYO WHITE, SANDRA SLOANE, MS. STEPHANIE DAVIS** | ) |
| **Respondents-in-Discovery.** | ) |

**03C 7428**

MAGISTRATE JUDGE ASHMAN

**DOCKETED**

OCT 2 3 2003

### NOTICE OF FILING

To:   Mr. Larry R. Rogers, Jr.
      Power, Rogers & Smith, P.C.
      70 West Madison Street, Suite 5500
      Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on Tuesday, October 21, 2003, I filed with the Clerk of the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, the attached **NOTICE OF REMOVAL**, a copy of which is hereby served upon you.

Joseph D. Gergeni, Assistant General Counsel

Ruth M. Moscovitch, General Counsel
Joseph D. Gergeni, Assistant General Counsel
Chicago Board of Education
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700
Attorney No. 91206

## CERTIFICATE OF SERVICE

I, Joseph D. Gergeni, an attorney, certify that I served this notice by mailing a copy to the above mentioned address and depositing the same in the U.S. Mail receptacle at 125 South Clark Street, Chicago, Illinois 60603 before 5:00 p.m. on this 21th day of October, 2003 with proper postage prepaid.

Joseph D. Gergeni, Assistant General Counsel

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BRIANNA JENKINS, by her father and<br>next friend, DONNELL DAVIS, | ) ) ) | **JUDGE HART** |
| Plaintiffs, | ) ) | No. |
| v. | ) ) ) | **03C 7428** |
| BOARD OF EDUCATION OF THE<br>CITY OF CHICAGO, a body politic and<br>corporate, d/b/a Chicago Public Schools,<br>Individually, and by and through its agents,<br>servants or employees at Fenger High<br>School, including DUSTIN BERRIEN; and<br>FENGER HIGH SCHOOL, Individually,<br>by and through its agents, servants,<br>including DUSTIN BERRIEN; AND<br>DUSTIN BERRIEN, Individually, | ) ) ) ) ) ) ) ) ) ) ) | **MAGISTRATE JUDGE ASHMAN** |
| Defendants. | ) | |
| JANICE OLLARVIA, MR. EUGENE<br>HENRY, MS. NICHOLS, MS. BERRIEN,<br>and WINSTON HALL, DONDELAYO<br>WHITE, SANDRA SLOANE,<br>MS. STEPHANIE DAVIS | ) ) ) ) ) | |
| Respondents-in-Discovery. | ) | |

### NOTICE OF REMOVAL

Defendant Board of Education of the City of Chicago hereby removes this cause of action under 28 U.S.C.§ 1441(a), (b) and (c) and §1446, from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. The grounds for this removal are:

1.    On September 3, 2003, Plaintiffs filed their Compliant in the Circuit Court of Cook County, Illinois, and their case was docketed as 03 L 10586. A copy of their compliant, served on the Board on September 24, 2003, is attached as Exhibit A.

2.    In Counts I-IV of the Complaint, Jenkins asserts that the Board and Fenger High School violated her right to be free of sexual discrimination under Title IX.

3.    In Count V-VIII, Jenkins seeks redress against Dustin Berrien, again citing Title IX.

4.      Count IX presents a state-law claim under the Illinois Family Expense Act.

5.      This Court has jurisdiction to Jenkins' claims arising under the United States Constitution through 28 U.S.C. §1331.

6.      The Board is entitled to remove the constitutional tort claims under 28 U.S.C. §1441(c).

7.      This notice of Removal is timely under 28 U.S.C. §1446 (b).

Thus, the Board respectfully asks that the matter pending in the Circuit Court of Cook count, Illinois, be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

Joseph D. Gergeni
Assistant General Counsel

Ruth M. Moscovitch, General Counsel
Chicago Board of Education
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700
Attorney No. 91206

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION LAW

BRIANNA JENKINS, by her father and next friend, DONNELL
DAVIS,

        Plaintiffs,

        - v -

           No.    03 L 010586

BOARD OF EDUCATION OF THE CITY OF CHICAGO,
Individually, and as principal and/or employer of DUSTIN
BERRIEN; AND DUSTIN BERRIEN, Individually,
        Defendants.

*PLEASE SEE REVERSE FOR SERVICE*

JANICE OLLARVIA, MR. EUGENE HENRY, MS. NICHOLS, MS.
BERRIEN, and WINSTON HALL, DONDELAYO WHITE, SANDRA
SLOANE, MS. STEPHANIE DAVIS,
        Respondents-in-Discovery.

RECEIVED SEP 2 4 2003 OFFICE OF THE BOARD

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court at the following locations:

    ☒  .  Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

| | |
|---|---|
| ❑ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ❑ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ❑ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |

❑ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

❑     **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

| | | | |
|---|---|---|---|
| **Name** | POWER ROGERS & SMITH, P.C.<br>Larry R. Rogers, Jr. | **WITNESS,** | , 20 |
| **Attorney for** | Plaintiff(s) | | |
| **Address** | 70 West Madison, Suite 5500 | Clerk of Court | DOROTHY BROWN<br>CLERK OF CIRCUIT COURT |
| **City** | Chicago, Illinois 60602 | | |
| **Telephone** | (312) 236-9381 | **Date of service:** | , 20 03 |
| **Atty. No.** | 31444 | | |

                (To be inserted by officer on copy left with defendant or other person)

\*\*Service by Facsimile Transmission will be accepted at:       312-236-0920
                            (Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION LAW

BRIANNA JENKINS, by her father and next friend, DONNELL
DAVIS,

Plaintiffs,

- v -

No.     03 L 010586

BOARD OF EDUCATION OF THE CITY OF CHICAGO,
Individually, and as principal and/or employer of DUSTIN
BERRIEN; AND DUSTIN BERRIEN, Individually,
Defendants.

*PLEASE SEE REVERSE FOR SERVICE*

JANICE OLLARVIA, MR. EUGENE HENRY, MS. NICHOLS, MS.
BERRIEN, and WINSTON HALL, DONDELAYO WHITE, SANDRA
SLOANE, MS. STEPHANIE DAVIS,

Respondents-In-Discovery.

## SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court at the following locations:

☒     Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ District 3 - Rolling Meadows<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ District 4 - Maywood<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ District 5 - Bridgeview<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ District 6 - Markham<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | |

You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

| | | | |
|---|---|---|---|
| Name | POWER ROGERS & SMITH, P.C.<br>Larry R. Rogers, Jr. | WITNESS, | _____ , 20__ |
| Attorney for | Plaintiff(s) | | |
| Address | 70 West Madison, Suite 5500 | | Clerk of Court |
| City | Chicago, Illinois 60602 | | |
| Telephone | (312) 236-9381 | | |
| Atty. No. | 31444 | Date of service: | _____ , 20 03 |

(To be inserted by officer on copy left with
defendant or other person)

**Service by Facsimile Transmission will be accepted at: _____ 312-236-0920

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FIRM I.D. NO. 31444/JENKINS/LRJ/adm

STATE OF ILLINOIS    )
                              )
COUNTY OF C O O K    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRIANNA JENKINS, by her father and next friend, DONNELL DAVIS, Plaintiffs, | )<br>)<br>) |
| -v- | ) |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, d/b/a Chicago Public Schools, Individually, and by and through its agents, servants or employees at Fenger High School, including DUSTIN BERRIEN; and FENGER HIGH SCHOOL, Individually, by and through its agents, servants, including DUSTIN BERRIEN; and DUSTIN BERRIEN, individually, Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| JANICE OLLARVIA, MR. EUGENE HENRY, MS. NICHOLS, MS. BERRIEN, and WINSTON HALL, DONDELAYO WHITE SANDRA SLOANE, MS. STEPHANIE DAVIS Respondents-in-Discovery. | )<br>)<br>)<br>)<br>) |

No.

CALENDAR C
OTHER PERSONAL INJ
03L 010586
CALENDAR C
OTHER PERSONAL INJ

JURY DEMAND

## **COMPLAINT AT LAW**

**NOW COMES** Plaintiff, BRIANNA JENKINS, by and through her father, DONNELL DAVIS, and DONNELL DAVIS, Individually, complaining of Defendants BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, d/b/a Chicago Public Schools, Individually, (hereafter "CHICAGO PUBLIC SCHOOLS); by and through its agents, servants or employees at Fenger High School, including DUSTIN BERRIEN; and FENGER HIGH SCHOOL, Individually, by and through its agents, servants, including DUSTIN BERRIEN, and DUSTIN BERRIEN, individually, and in support of said Complaint, Plaintiffs state the following:

**COUNT I**
**BRIANNA JENKINS**
**Negligence - CHICAGO PUBLIC SCHOOLS AND FENGER HIGH SCHOOL**

1.    That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2.    That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3.    That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4.    That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5.    That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6.    That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7.    That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8.    That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9.    That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

2

10.   That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11.   That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12.   That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13.   That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14.   That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15.   That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

3

16.   That after September 3, 2002, and at all times relevant, Defendant CHICAGO
      PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not
      limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY,
      Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and
      School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE,
      Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant
      DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by
      Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor
      Plaintiff after her complaints were made known.

17.   That after September 3, 2002, and at all times relevant, Defendant CHICAGO
      PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not
      limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY,
      Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and
      School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE,
      Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant
      DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by
      Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff
      after her complaints were made known.

18.   That on or about October 30, 2002, and at all times relevant, a report was prepared
      by the Chicago Police Department and/or the School Security regarding DUSTIN
      BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.   That on or about September 3, 2002, and at all times relevant, the Defendants
      owed a duty to protect, the minor Plaintiff from known and unknown harm, and to
      provide her with an education without being subjected to sexual discrimination,
      under Illinois common law, the Illinois Constitution and Title IX.

20.   That on or about September 3, 2002, and thereafter, at all times relevant,
      Defendants, CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and
      each of them, breached their duty in one or more of the following negligent
      respects:

      a.    Allowed Defendant DUSTIN BERRIEN to have access to the minor Plaintiff,
            BRIANNA JENKINS after learning of his inappropriate and/or sexual
            advances toward her and other students; and/or

      b.    Allowed and/or Placed Defendant DUSTIN BERRIEN as substitute teacher
            over the minor Plaintiff, BRIANNA JENKINS after learning of his
            inappropriate and/or sexual advances toward her and other students; and/or

      c.    Allowed and/or Placed Defendant DUSTIN BERRIEN to remove BRIANNA
            JENKINS from class after learning of his inappropriate and/or sexual
            advances toward her and/or other students; and/or

4

d.     Was otherwise negligent.

21.   As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.   As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.   As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

**WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant(s), CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II
## BRIANNA JENKINS
### Wilful and Wanton Negligence
## CHICAGO PUBLIC SCHOOLS AND FENGER HIGH SCHOOL

1.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9.  That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

6

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

7

16.  That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor Plaintiff after her complaints were made known.

17.  That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff after her complaints were made known.

18.  That on or about October 30, 2002, and at all times relevant, a report was prepared by the Chicago Police Department and/or the School Security regarding DUSTIN BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.  That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

20.  That on or about September 3, 2002, and thereafter, at all times relevant, Defendants, CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, breached their duty in one or more of the following reckless, wilful, and wanton negligent respects:

  a.  Allowed Defendant DUSTIN BERRIEN to have access to the minor Plaintiff, BRIANNA JENKINS after learning of his inappropriate and/or sexual advances toward her and other students; and/or

  b.  Allowed and/or Placed Defendant DUSTIN BERRIEN as substitute teacher over the minor Plaintiff, BRIANNA JENKINS after learning of his inappropriate and/or sexual advances toward her and other students; and/or

  c.  Allowed and/or Placed Defendant DUSTIN BERRIEN to remove BRIANNA JENKINS from class after learning of his inappropriate and/or sexual advances toward her and/or other students; and/or

8

     d.     Was otherwise negligent.

21.     As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.     As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.     As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

     **WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant(s), CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

<u>COUNT III</u>
**BRIANNA JENKINS**
**Negligent Infliction of Emotional Distress**
**CHICAGO PUBLIC SCHOOLS AND FENGER HIGH SCHOOL**

1.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9.  That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

10

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

16.    That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor Plaintiff after her complaints were made known.

17.    That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff after her complaints were made known.

18.    That on or about October 30, 2002, and at all times relevant, a report was prepared by the Chicago Police Department and/or the School Security regarding DUSTIN BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.    That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

20.    That on or about September 3, 2002, and thereafter, at all times relevant, Defendants, CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, breached their duty in one or more of the following negligent respects:

    a.    Allowed Defendant DUSTIN BERRIEN to have access to the minor Plaintiff, BRIANNA JENKINS after learning of his inappropriate and/or sexual advances toward her and other students; and/or

    b.    Allowed and/or Placed Defendant DUSTIN BERRIEN as substitute teacher over the minor Plaintiff, BRIANNA JENKINS after learning of his inappropriate and/or sexual advances toward her and other students; and/or

    c.     Allowed and/or Placed Defendant DUSTIN BERRIEN to remove BRIANNA JENKINS from class after learning of his inappropriate and/or sexual advances toward her and/or other students; and/or

    d.     Was otherwise negligent.

21.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

**WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant(s), CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

13

## COUNT IV
### BRIANNA JENKINS
**Wilful and Wanton Negligent Infliction of Emotional Distress**
**CHICAGO PUBLIC SCHOOLS AND FENGER HIGH SCHOOL**

1. That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2. That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

14

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

16.     That after September 3, 2002, and at all times relevant, Defendant CHICAGO
        PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not
        limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY,
        Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and
        School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE,
        Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant
        DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by
        Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor
        Plaintiff after her complaints were made known.

17.     That after September 3, 2002, and at all times relevant, Defendant CHICAGO
        PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not
        limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY,
        Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and
        School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE,
        Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant
        DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by
        Defendant DUSTIN BERRIEN being permitted to interact with  the minor Plaintiff
        after her complaints were made known.

18.     That on or about October 30, 2002, and at all times relevant, a report was prepared
        by the Chicago Police Department and/or the School Security regarding DUSTIN
        BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.     That on or about September 3, 2002, and at all times relevant, the Defendants
        owed a duty to protect, the minor Plaintiff from known and unknown harm, and to
        provide her with an education without being subjected to sexual discrimination,
        under Illinois common law, the Illinois Constitution and Title IX.

20.     That on or about September 3, 2002, and thereafter, at all times relevant,
        Defendants, CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and
        each of them, breached their duty in one or more of the following negligent
        respects:

        a.      Allowed Defendant DUSTIN BERRIEN to have access to the minor Plaintiff,
                BRIANNA JENKINS after learning of his inappropriate and/or sexual
                advances toward her and other students; and/or

        b.      Allowed and/or Placed Defendant DUSTIN BERRIEN as substitute teacher
                over the minor Plaintiff, BRIANNA JENKINS after learning of his
                inappropriate and/or sexual advances toward her and other students; and/or

16

    c.      Allowed and/or Placed Defendant DUSTIN BERRIEN to remove BRIANNA JENKINS from class after learning of his inappropriate and/or sexual advances toward her and/or other students; and/or

    d.      Was otherwise negligent.

21.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

**WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant(s), CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

17

## COUNT V
## BRIANNA JENKINS
### Negligence - DUSTIN BERRIEN

1. That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2. That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

18

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

19

16.     That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor Plaintiff after her complaints were made known.

17.     That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff after her complaints were made known.

18.     That on or about October 30, 2002, and at all times relevant, a report was prepared by the Chicago Police Department and/or the School Security regarding DUSTIN BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.     That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

20.     That on or about September 3, 2002, and thereafter, at all times relevant, Defendant, DUSTIN BERRIEN, breached his duty in one or more of the following negligent respects:

   a.     Gained access to the minor Plaintiff, BRIANNA JENKINS and made inappropriate and/or sexual advances toward her and other students; and/or

   b.     Acted as substitute teacher over the minor Plaintiff, BRIANNA JENKINS and made inappropriate and/or sexual advances toward her and other students; and/or

   c.     Removed BRIANNA JENKINS from class and made inappropriate and/or sexual advances toward her and/or other students; and/or

20

     d.    Was otherwise negligent.

21.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

    **WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant, DUSTIN BERRIEN, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI
## BRIANNA JENKINS
### Wilful & Wanton Negligence - DUSTIN BERRIEN

1.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9.  That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

23

16.    That after September 3, 2002, and at all times relevant, Defendant CHICAGO
       PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not
       limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY,
       Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and
       School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE,
       Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant
       DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by
       Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor
       Plaintiff after her complaints were made known.

17.    That after September 3, 2002, and at all times relevant, Defendant CHICAGO
       PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not
       limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY,
       Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and
       School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE,
       Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant
       DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by
       Defendant DUSTIN BERRIEN being permitted to interact with  the minor Plaintiff
       after her complaints were made known.

18.    That on or about October 30, 2002, and at all times relevant, a report was prepared
       by the Chicago Police Department and/or the School Security regarding DUSTIN
       BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.    That on or about September 3, 2002, and at all times relevant, the Defendants
       owed a duty to protect, the minor Plaintiff from known and unknown harm, and to
       provide her with an education without being subjected to sexual discrimination,
       under Illinois common law, the Illinois Constitution and Title IX.

20.    That on or about September 3, 2002, and thereafter, at all times relevant,
       Defendant, DUSTIN BERRIEN,  breached his  duty in one or more of the following
       negligent respects:

       a.    Gained access to the minor Plaintiff,  BRIANNA JENKINS and made
             inappropriate and/or sexual advances toward her and other students; and/or

       b.    Acted as substitute teacher over the minor Plaintiff, BRIANNA JENKINS and
             made inappropriate and/or sexual advances toward her and other students;
             and/or

       c.    Removed BRIANNA JENKINS from class and made inappropriate and/or
             sexual advances toward her and/or other students; and/or

24

     d.     Was otherwise negligent.

21.     As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.     As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.     As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

     **WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant, DUSTIN BERRIEN, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VII
## BRIANNA JENKINS
### Negligent Infliction of Emotional Distress - DUSTIN BERRIEN

1.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2.  That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8.  That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9.  That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

27

16.   That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor Plaintiff after her complaints were made known.

17.   That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff after her complaints were made known.

18.   That on or about October 30, 2002, and at all times relevant, a report was prepared by the Chicago Police Department and/or the School Security regarding DUSTIN BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.   That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

20.   That on or about September 3, 2002, and thereafter, at all times relevant, Defendant, DUSTIN BERRIEN, breached his duty in one or more of the following negligent respects:

   a.   Gained access to the minor Plaintiff, BRIANNA JENKINS and made inappropriate and/or sexual advances toward her and other students; and/or

   b.   Acted as substitute teacher over the minor Plaintiff, BRIANNA JENKINS and made inappropriate and/or sexual advances toward her and other students; and/or

   c.   Removed BRIANNA JENKINS from class and made inappropriate and/or sexual advances toward her and/or other students; and/or

28

d.    Was otherwise negligent.

21.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

**WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant, DUSTIN BERRIEN, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

29

<u>COUNT VIII</u>
**BRIANNA JENKINS**
**Wilful and Wanton Negligent Infliction of Emotional Distress**
**DUSTIN BERRIEN**

1. That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2. That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8. That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

30

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

16. That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor Plaintiff after her complaints were made known.

17. That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff after her complaints were made known.

18. That on or about October 30, 2002, and at all times relevant, a report was prepared by the Chicago Police Department and/or the School Security regarding DUSTIN BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19. That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

20. That on or about September 3, 2002, and thereafter, at all times relevant, Defendant, DUSTIN BERRIEN, breached his duty in one or more of the following negligent respects:

   a. Gained access to the minor Plaintiff, BRIANNA JENKINS and made inappropriate and/or sexual advances toward her and other students; and/or

   b. Acted as substitute teacher over the minor Plaintiff, BRIANNA JENKINS and made inappropriate and/or sexual advances toward her and other students; and/or

   c. Removed BRIANNA JENKINS from class and made inappropriate and/or sexual advances toward her and/or other students; and/or

32

d.    Was otherwise negligent.

21.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

**WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant, DUSTIN BERRIEN, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

33

## COUNT IX
## DONNELL DAVIS
### Family Expense Act

1.     That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS owned, operated, maintained and controlled a school known as FENGER HIGH SCHOOL, located at 11220 S. Wallace Street, in the City of Chicago, County of Cook and State of Illinois and received monies from the federal government to operate, maintain, control and educate children attending said school.

2.     That on or about September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS employed DUSTIN BERRIEN

3.     That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was employed by CHICAGO PUBLIC SCHOOLS and worked at FENGER HIGH SCHOOL.

4.     That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN was a male teacher, assistant teacher and/or coach with authority over the minor Plaintiff, BRIANNA JENKINS, a minor female student, born October 4, 1986.

5.     That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN made sexual advances toward the minor Plaintiff.

6.     That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN touched the minor Plaintiff in a sexual and/or inappropriate manner.

7.     That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN contacted the minor Plaintiff by telephone and engaged in one or more inappropriate and/or sexual conversations with the minor Plaintiff.

8.     That on or about September 3, 2002, and at all times relevant, Defendant DUSTIN BERRIEN acted in each of the afore described manners while an employee and/or agent of CHICAGO PUBLIC SCHOOLS.

9.     That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS knew or should have known that Defendant DUSTIN BERRIEN had engaged in inappropriate behavior of a sexual nature with one or more students at FENGER HIGH SCHOOL.

34

10. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS investigated allegations that Defendant DUSTIN BERRIEN had engaged in behavior of an inappropriate and/or sexual nature with one or more students at FENGER HIGH SCHOOL.

11. That prior to September 3, 2002, and at all times relevant, CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees and/or agents at FENGER HIGH SCHOOL, including but not limited to, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, and School Psychologist MR. WINSTON HALL, Freshman counselor MS. SANDRA SLOANE, Dean of Girls MS. DONDELAYO WHITE, and each of them, was sent a letter stating that Defendant DUSTIN BERRIEN was harassing and/or acting in an inappropriate and/or sexual manner with minor students at FENGER HIGH SCHOOL.

12. That from approximately September 3, 2002 through January, 2003, Defendant DUSTIN BERRIEN engaged in inappropriate and/or behavior of a sexual nature with the minor Plaintiff.

13. That on and after September 3, 2002 and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through one or more of its employees, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, mother of Defendant DUSTIN BERRIEN, School Psychologist MR. WINSTON HALL, Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, and each of them, had the authority to prevent Defendant DUSTIN BERRIEN from coming into contact with the minor Plaintiff.

14. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were deliberately indifferent to the conduct of Defendant DUSTIN BERRIEN.

15. That on and after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, did nothing to stop, prevent, or thwart the inappropriate and/or sexual behavior of Defendant DUSTIN BERRIEN.

35

16.  That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being placed as a substitute teacher of the minor Plaintiff after her complaints were made known.

17.  That after September 3, 2002, and at all times relevant, Defendant CHICAGO PUBLIC SCHOOLS, by and through its employees and/or agents, including, but not limited to Principal JANICE OLLARVIA, Assistant Principal MR. EUGENE HENRY, Assistant Principal MS. NICHOLS and Assistant Principal MS. BERRIEN, and School Psychologist WINSTON HALL Freshman Counselor SANDRA SLOANE, Teacher MS. STEPHANIE DAVIS, were indifferent to the conduct Defendant DUSTIN BERRIEN was imposing upon the minor Plaintiff, as evidence by Defendant DUSTIN BERRIEN being permitted to interact with the minor Plaintiff after her complaints were made known.

18.  That on or about October 30, 2002, and at all times relevant, a report was prepared by the Chicago Police Department and/or the School Security regarding DUSTIN BERRIEN's inappropriate and/or sexual conduct directed at the minor Plaintiff.

19.  That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

20.  That on or about September 3, 2002, and thereafter, at all times relevant, Defendants, CHICAGO PUBLIC SCHOOLS and FENGER HIGH SCHOOL, and each of them, breached their duty in one or more of the following negligent respects:

   a.  Allowed Defendant DUSTIN BERRIEN to have access to the minor Plaintiff, BRIANNA JENKINS after learning of his inappropriate and/or sexual advances toward her and other students; and/or

   b.  Allowed and/or Placed Defendant DUSTIN BERRIEN as substitute teacher over the minor Plaintiff, BRIANNA JENKINS after learning of his inappropriate and/or sexual advances toward her and other students; and/or

36

    c.    Allowed and/or Placed Defendant DUSTIN BERRIEN to remove BRIANNA JENKINS from class after learning of his inappropriate and/or sexual advances toward her and/or other students; and/or

    d.    Was otherwise negligent.

21.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS sustained injuries of an emotional, personal, pecuniary and permanent nature.

22.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendant(s), BRIANNA JENKINS was deprived of an educational opportunity and/or benefit in a number of ways, including being removed from class, being unable to participate and gain benefit from her educational classes.

23.    As a direct and proximate result of one or more of the aforedescribed acts and/or omissions on the part of the Defendants, DONNELL DAVIS incurred expenses for which he is entitled to reimbursement.

**WHEREFORE,** Plaintiff BRIANNA JENKINS, by and through her father and next friend, DONNELL DAVIS, demand that judgment be entered against Defendant(s) in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## RESPONDENTS IN DISCOVERY

That pursuant to 735 ILCS 5/2-402, Plaintiffs name:

JANICE OLLARVIA, MR. EUGENE HENRY, MS. NICHOLS, MS. BERRIEN, WINSTON HALL, DONDELAYO WHITE, SANDRA SLOANE, and MS. STEPHANIE DAVIS as Respondents in Discovery, whom she believes has information essential to the determination of who should properly be named as Defendants in this case.

POWER ROGERS & SMITH, P.C.

By: _____
        LARRY R. ROGERS, JR.

Firm I.D. No. 31444
Larry R. Rogers, Jr.
Attorney for Plaintiffs
**POWER ROGERS & SMITH, P.C.**
70 West Madison Street, 55th Floor
Chicago, Illinois 60602
Telephone: (312) 236-9381

Firm I.D. No. 31444/JENKINS (5241)/LRJ/adm

STATE OF ILLINOIS       )
                         ) SS.

COUNTY OF COOK       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

BRIANNA JENKINS, a Minor, by her Father and
Next Friend, DONNELL JENKINS,
        Plaintiffs,

        - v -

BOARD OF EDUCATION OF THE CITY OF
CHICAGO, a body politic and corporate, d/b/a
Chicago Public Schools, individually, and by
and through its agents, servants or
employees at Fenger High School, and
FENGER HIGH SCHOOL, individually, and
by and through its agents, servants, or
employees, and/or employer of
DUSTIN BERRIEN; and DUSTIN BERRIEN,
individually,
        Defendants

JANICE OLLARVIA, MR. EUGENE HENRY, MS.
NICHOLS, MS. BERRIEN, and WINSTON HALL,
DONDELAYO WHITE, SANDRA SLOANE, MS.
STEPHANIE DAVIS,
        Respondents-in-Discovery.

No.

JURY DEMAND

## AFFIDAVIT

I, LARRY R. ROGERS, JR., upon oath, deposes and states the following:

1.      That I am one of the attorneys for the Plaintiff, BRIANNA JENKINS, A Minor, by her Father and Next Friend, DONNELL DAVIS, in the above-entitled cause of action.

2.      That upon information and belief, the money damages in this cause of action will exceed $50,000.00.

                      POWER ROGERS & SMITH, P.C.

                      By: _____
                           LARRY R. ROGERS, JR.

SUBSCRIBED AND SWORN to before me
this 3rd day of September, 2003.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
April D. Mathis
Notary Public, State of Illinois
My Commission Exp. 04/05/____

09/03/03  WED 19:17 FAX 312 236 0920       POWER ROGERS & SMITH                    ☒001

```
                        ****************************
                        ***   MULTI TX/RX REPORT   ***
                        ****************************

TX/RX NO               0147
INCOMPLETE TX/RX
TRANSACTION OK          (1)   2#398#17086335999
                        (2)   2#398#4559205

ERROR
```

LAW OFFICES

POWER ROGERS & SMITH, P.C.

Three First National Plaza
70 West Madison Street
55th Floor, Chicago
Illinois 60602-4212
TEL: 312-236-9381
FAX: 312-236-0920

www.prslaw.com

Joseph A. Power, Jr.
Larry R. Rogers
Todd A. Smith
Thomas G. Siracusa
Thomas M. Power
Larry R. Rogers, Jr.
Devon C. Bruce
Joseph W. Balesteri
Kenneth J. Merlino
Sean M. Houlihan

**TELECOPIER TRANSMISSION**

Date: 9/3/03

To: LINDA LUTTON     Fax: 708-633-5999 5765
                     Telephone: 312-455-9205

From: Larry R. Rogers Jr.     Fax:  312-236-0920

                              Telephone: 312-236-9381 (Ext.

Total Pages: 39 (including cover page)  Re: JENKINS COMPLAINT
Message:

LAW OFFICES

POWER ROGERS & SMITH, P.C.

Three First National Plaz
70 West Madison Street
55ᵗʰ Floor, Chicago
Illinois 60602-4212
TEL: 312-236-9381
FAX: 312-236-0920

www.prslaw.com

Joseph A. Power, Jr.
Larry R. Rogers
Todd A. Smith
Thomas G. Siracusa
Thomas M. Power
Larry R. Rogers, Jr.
Devon C. Bruce
Joseph W. Balesteri
Kenneth J. Merlino
Sean M. Houlihan

**TELECOPIER TRANSMISSION**

Date: **9/3/03**

To: **LINDA LUTTON**          Fax: **708-633-5999 5765**

Telephone: **312-455-9205**

From: *Larry R. Rogers*          Fax: 312-236-0920

Telephone: 312-236-9381 (Ext.

Total Pages: **39** (including cover page)   Re: **JENKINS COMPLAINT**

Message:

Sender: *April*          , Ext. *312/827-4378*

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain confidential informat
belonging to the sender which is legally privileged. The information is intended only for the use of the individua
entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copy
distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited
you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the origi
documents to us.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

BRIANNA JENKINS, by her father and
next friend, DONNELL DAVIS,

Case Number: **03C 7428**

Plaintiff,

vs.

BOARD OF EDUCATION OF THE
CITY OF CHICAGO,

Defendant.

Judge **JUDGE HART**

**DOCKETED**

OCT 2 3 2003

MAGISTRATE JUDGE ASHMAN

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

BOARD OF EDUCATION OF THE CITY OF CHICAGO, DEFENDANT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE *William A. Morg* |
| NAME Joseph D. Gergeni | NAME William A. Morgan |
| FIRM Board of Education of the City of Chicago | FIRM Board of Education of the City of Chicago |
| STREET ADDRESS 125 South Clark Street, 7th Floor | STREET ADDRESS 125 South Clark Street, 7th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (773) 553-1700 | TELEPHONE NUMBER (773) 553-1700 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06217567 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6183361 |
| MEMBER OF TRIAL BAR?  Y ■  NO ☐ | MEMBER OF TRIAL BAR?  YES ■  NO ☐ |
| TRIAL ATTORNEY?  Y ■  NO ☐ | TRIAL ATTORNEY?  YES ■  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  Y ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  Y ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  Y ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

Civil Cover Sheet Input Form

MAGISTRATE JUDGE ASHMAN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet Input Form

**This form has been approved for use by the general public for generating the civil cover sheet for filing new cases in the Northern District of Illinois. Your comments about the form and suggestions for improvements are always greatly appreciated.**

03C 7428

This automated JS-44 conforms generally to manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois. (Instructions)

| I (a) - PLAINTIFFS | DEFENDANTS |
|---|---|
| Bianna Jenkins, by her father and next friend DONNELL DAVIS | Board of Education of the City of Chicago, et al., <br><br> **DOCKETED** <br> OCT 2 3 2003 |
| **b) - County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases) | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only) |

| **Plaintiff's Attorney** | | **Defendant's Attorney** (If known) | |
|---|---|---|---|
| Name: Firm: Address: Phone: | Mr. Larry R. Rogers, Jr. <br> Power, Rogers & Smith, P.C. <br> 70 W. Madison St., Suite 5500 <br> (312) 236-9381 | Name: Firm: Address: Phone: | Joseph D. Gergeni <br> Chicago Board of Education <br> 125 S. Clark St., Suite 700 <br> (773) 553-1700 |

## II. Basis of Jurisdiction
(Select from drop menu below)

3. Federal Question (U.S. not a party)

## III. Citizenship of Principal Parties (Diversity cases only)
*PLAINTIFF*

N/A

*DEFENDANT*

N/A

## IV. Origin
(Select from drop menu below)

1. Original Proceeding

## V. Nature of Suit (Select one box)

**Contract**                    **Torts**                    **Other Statutes**

○ 110 Insurance                                              ○ 400 State Reapportionment

○ 120 Marine
○ 130 Miller Act
○ 140 Negotiable Instrument
○ 150 Recovery of Overpayment & Enforcement of Judgment
○ 151 Medicare Act
○ 152 Student Loan -non VA
○ 153 Recovery of VA Benefits
○ 160 Stockholder Suits
○ 190 Other Contract
○ 195 Contract Product Liability

**Real Property**
○ 210 Land Condemnation
○ 220 Foreclosure
○ 230 Rent Lease & Ejectment
○ 240 Torts to Land
○ 245 Tort Product Liability
○ 290 Other Real Property

**Bankruptcy**
○ 422 Appeal 28 USC 158
○ 423 Withdrawal 28 USC 157

**Property Rights**
○ 820 Copyrights
○ 830 Patent
○ 840 Trademark

**Personal Injury**
○ 310 Airplane
○ 315 Airplane Product Liability
○ 320 Assault, Libel & Slander
○ 330 Federal Employers' Liability
○ 340 Marine
○ 345 Marine Product Liability
○ 350 Motor Vehicle
○ 355 Motor Vehicle Product Liability
○ 360 Other Personal Injury

**Civil Rights**
○ 441 Voting
○ 442 Employment
○ 443 Housing/Accomodations
○ 444 Welfare
◉ 440 Other Civil Rights

**Forfeiture/Penalty**
○ 610 Agriculture
○ 620 Other Food & Drug
○ 625 Drug Related Seizure of Property 21 USC 881
○ 630 Liquor Laws
○ 640 R.R. & Truck
○ 650 Airline Regulations
○ 660 Occupational Safety/Health
○ 690 Other

**Personal Injury**
○ 362 Med. Malpractice
○ 365 Personal Injury - Product Liability
○ 368 Asbestos Personal Injury Product Liability
**Personal Property**
○ 370 Other Fraud
○ 371 Truth in Lending
○ 380 Other Pers Property Damage
○ 385 Property Damage Product Liability

**Prisoner Petitions**
○ 510 Motions to Vacate Sentence
**Habeas Corpus:**
○ 530 Habeas Corpus General
○ 535 Habeas Death Penalty
○ 540 Mandamus & Other
○ 550 Civil Rights
○ 555 Prison Condition

**Labor**
○ 710 Fair Labor Standards Act
○ 720 Labor/Mgmt. Relations
○ 730 Labor/Mgmt. Reporting & Disclosure Act
○ 740 Railway Labor Act
○ 790 Other Labor Litigation
○ 791 E.R.I.S.A.

○ 410 Antitrust
○ 430 Banks & Banking
○ 450 Commerce/ICC Rates/ etc
○ 460 Deportation
○ 470 RICO
○ 810 Selective Service
○ 850 Securities / Commodities / Exchange
○ 875 Customer Challenge 12 USC 3410
○ 891 Agricultural Acts
○ 892 Economic Stabilization Act
○ 893 Environmental Matters
○ 894 Energy Allocation Act
○ 895 Freedom of Information Act
○ 900 Appeal of Fee Determination Under Equal Access to Justice
○ 950 Constitutionality of State Statute
○ 890 Other Statutory Actions

**Social Security**
○ 861 HIA (1395ff)
○ 862 Black Lung (923)
○ 863 DIWC/DIWW (405(g))
○ 864 SSID Title XVI
○ 865 RSI (405(g))

**Federal Tax Suits**
○ 870 Taxes US Plaintiff or Defendant
○ 871 IRS Third Party 26 USC 7609

**VI Cause of Action** (CITE THE U. S. STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

| **VII. Requested in Complaint** | ○ Class Action Under FRCP 23<br>○ Not Class Action | **Demand**<br>Over $50,000 | **Jury Demand**<br>(requested in Complaint)<br>○ Yes  ○ No |
|---|---|---|---|
| **VIII. This Case** | ◉ is not a refiling of a previously dismissed action.<br>○ is a refiling of case number [        ], previously dismissed by Judge [        ] | | |

