Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7428 | DATE | JAN. 15, 2004 |
| CASE TITLE | BRIANNA JENKINS, etc., et al. v. BD. OF EDUCATION OF THE CITY OF CHICAGO, etc., et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiffs' motion to remand [5] is granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, County Department, Law Division. Each party shall bear its own costs of removal.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | 4 number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 1 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | Jan. 15, 2004 date mailed notice | |
| cw | courtroom deputy's initials | mqm mailing initials | |
| | | Date/time received in central Clerk's Office | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRIANNA JENKINS, by her father )
and next friend DONNELL DAVIS, )
and DONNELL DAVIS, )
 )
          Plaintiffs, )
 )
  v. ) No. 03 C 7428
 )
BOARD OF EDUCATION OF THE CITY )
OF CHICAGO, a body politic and )
corporate, d/b/a Chicago Public )
Schools, DUSTIN BERRIEN, )
individually, and FENGER HIGH )
SCHOOL, )
 )
          Defendants. )

DOCKETED
JAN 16 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Brianna Jenkins and Donnell Davis[1] filed this action in the Circuit Court of Cook County, Illinois. Named as defendants are the Board of Education of the City of Chicago (the "Board"), Fenger High School ("Fenger"),[2] and Dustin Berrien. Defendants removed the case to federal court and plaintiffs have moved to remand the case.

According to the allegations of the complaint, Jenkins was a student at Fenger and Berrien was a teacher and/or coach.

---

[1] Because Jenkins is a minor, her claims are actually brought by Davis as her father and next friend.

[2] For purposes of today's ruling, it is unnecessary to determine whether the public entities are properly denominated nor whether the high school may be sued as a separate and distinct entity from the Board.

Berrien allegedly had inappropriate sexual contact with Jenkins. It is also alleged that Berrien had engaged in prior sexual misconduct with other students and that school employees knew or should have known of this prior misconduct, but did not take action to prevent further misconduct.

Plaintiffs' Complaint has nine counts. Counts I through VIII are brought by Jenkins and Count IX is brought by Davis. The Counts are labeled as follows: Count I--negligence against the Board and Fenger; Count II--wilful and wanton negligence against the Board and Fenger; Count III--negligent infliction of emotional distress against the Board and Fenger; Count IV--wilful and wanton negligent infliction of emotional distress against the Board and Fenger; Count V--negligence against Berrien; Count VI--wilful and wanton negligence against Berrien; Count VII--negligent infliction of emotional distress against Berrien; Count VIII--wilful and wanton negligent infliction of emotional distress against Berrien; Count IX--Family Expense Act claim.[3]

Each count contains an identical ¶ 19 which reads:

> 19. That on or about September 3, 2002, and at all times relevant, the Defendants owed a duty to protect, the minor Plaintiff from known and unknown harm, and to provide her with an education without being subjected to sexual discrimination, under Illinois common law, the Illinois Constitution and Title IX.

---

[3]Count IX is clearly intended to be against the Board. It is unclear whether it is against Fenger and Berrien as well. The Family Expense Act is found at 750 ILCS 65/15. See Tully v. Cuddy, 139 Ill. App. 3d 697, 487 N.E. 2d 1095, 1096 (1st Dist. 1985).

Defendants contend this case was properly removable because the claims involve a federal question in that each count alleges violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a). Plaintiffs expressly disclaim that they are bringing any claim under Title IX. They contend they are bringing state law claims only and that the reason Title IX is mentioned in the complaint is because, under Illinois common law, violation of a federal statute may be considered as evidence of negligence or fault. See Abbasi ex rel. Abbasi v. Paraskevoulakos, 187 Ill. 2d 386, 718 N.E.2d 181, 185 (1999); Fournier v. Luftshansa German Airlines, 191 F. Supp. 2d 996, 1001 (N.D. Ill. 2002).

Section 1681(a) provides in part that no person shall be subjected to discrimination on the basis of sex under any educational program or activity receiving federal financial assistance. Title IX has been construed as providing that a federally funded school district may be liable for being deliberately indifferent in failing to stop sexual molestation or harassment by one of its employees. Gebser v. Lago Vista Independent School District, 524 U.S. 274, 290 (1998); Kinman v. Omaha Public School District, 171 F.3d 607, 609-10 (8th Cir. 1999). See also Davis v. Monroe County Board of Education, 526 U.S. 629, 641 (1999) (sexual harassment by another student); Gabrielle M. v. Park Forest-Chicago Heights, Ill. School District 163, 315 F.3d 817, 821-22 (7th Cir. 2003) (same).

The private right of action under Title IX, however, may only be brought against the recipient of federal funding; it may not be brought against someone who is simply an employee of the recipient. Smith v. Metropolitan School District Perry Township, 128 F.3d 1014, 1018-19 (7th Cir. 1997), cert. denied, 524 U.S. 951 (1998); Kinman, 171 F.3d at 610-11. Thus, in the present case, any possible private right of action under Title IX may only be brought against the Board and/or Fenger. No Title IX claim could be brought against Berrien individually.

Since the Complaint labels the claims as being state law tort and statutory claims and since plaintiffs disclaim any intention of pursuing a private right of action under Title IX, the Complaint must be construed as bringing state law claims. McPhail v. Wal-Mart Stores, Inc., 2003 WL 1750886 *3 (D. Kan. March 27, 2003); Walker v. Atwood Chevrolet-Olds, Inc., 189 F. Supp. 2d 594, 599 (S.D. Miss. 2001); Greer v. MAJR Financial Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000). Therefore, removal was only proper if the possible violation of Title IX that may be used as evidence of negligence or wilful conduct for one or more of the state law claims makes such claims turn on a federal question to an extent sufficient to confer federal jurisdiction under 28 U.S.C. § 1331.

Not every case in which a federal question is "an ingredient" contains claims "arising under" federal law as that term is used in § 1331. Merrell Dow Pharmaceuticals Inc. v.

Thompson, 478 U.S. 804, 807 (1986).[4]  It is true "that a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'"  Id. at 808 (quoting Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983)).  However, the presence of such a factor does not automatically make the case one in which a federal question arises.  Instead, the particulars of the case must be considered.  Merrell Dow, 478 U.S. at 810, 813-14.  Merrell Dow stands for the proposition that the lack of a particular factor will preclude the possibility of federal question jurisdiction.  Even if a nonfederal cause of action involves construction of a federal statute, federal question jurisdiction will not lie if the federal statute does not provide for a private right of action.  Id. at 812, 817; Seinfeld v. Austen, 39 F.3d 761, 764 (7th Cir. 1994), cert. denied, 514 U.S. 1126 (1995); Fournier, 191 F. Supp. 2d at 1001.  That, though, is not the situation in the present case.  As discussed above, Title IX does provide for a private right of action against the Board and/or Fenger in the present type of situation.  Therefore, additional factors have to be considered.

> . . . [T]he court must examine the centrality of the federal law to the claim and consider policy factors.  "What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which

---

[4]Although Merrell Dow and its progeny establish the analytical framework applicable to the jurisdictional issue presently before the court, the parties have not cited Merrell Dow nor any of its progeny.

characterizes the law in its treatment of causation . . . a selective process which picks the substantial causes out of the web and lays the other ones aside." Franchise Tax Board, 463 U.S. at 20, 103 S. Ct. 2841, quoting, Gully v. First National Bank, 299 U.S. 109, 117-18, 57 S. Ct. 96, 81 L. Ed. 70 (1936).

The evaluation of the importance of the federal issue to the state claim has been stated variously. As discussed in Hunter [v. United Van Lines, 746 F.2d 635 (9th Cir. 1984), cert. denied, 474 U.S. 863 (1985)], courts have stated that the federal element in a claim must be "direct and essential as opposed to attenuated," "basic as opposed to collateral," "necessary as opposed to merely possible," "pivotal," "substantial as opposed to merely incidental" or "paramount as opposed to collateral." Hunter, 746 F.2d at 646 (internal quotations omitted). The fact that the state claim "hinges on" federal law is not, in and of itself, sufficient. Id. at 645-46. In Hunter, the court held that the fact that the federal element determined as a preliminary matter whether the state law duty of good faith applied was insufficient. Id. at 646. Just as the creation [of] property rights through federal land patents, trademarks and copyrights has been held not to transform state law actions to enforce contract and property rights into federal claims, the federal element in Hunter (contract claim based on federal law) was deemed to be involved only "incidentally;" the bad faith count "fundamentally asserts [state] claims." Id. at 647 (quotations omitted). Similarly, in Moore [v. Chesapeake & O. Ry. Co., 291 U.S. 205 (1934)], and Merrell Dow, supra, "the violation of the federal standard as an element of state tort recovery did not fundamentally change the state tort nature of the action." Merrell Dow, 478 U.S. at 814 n.12, 106 S. Ct. 3229, citing, Moore, 291 U.S. at 216-17, 54 S. Ct. 402.

\* \* \*

"[D]eterminations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." Merrell Dow, 478 U.S. at 810, 106 S. Ct. 3229. The analysis must be informed by "the demands of reason and coherence, and the dictates of sound judicial policy." Id.

Precision Pay Phones v. Qwest Communications Corp., 210 F. Supp. 2d 1106, 1117-18 (N.D. Cal. 2002).

Another important factor is that, where violation of the federal statute is only an alternative basis for establishing a state law claim, there will generally be an insufficient basis for finding the presence of federal question jurisdiction. Rains v. Criterion Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996); Dantzler v. Nationwide Credit, Inc., 1999 WL 1939258 *4 (M.D.N.C. Feb. 17, 1999); Wagner v. Regent Investments, Inc., 903 F. Supp. 966, 970 (E.D. Va. 1995). See also Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 809 (1988) (applying the same rule in determining the existence of federal patent jurisdiction under 28 U.S.C. § 1338).

Cases that have considered jurisdiction over state law claims which incorporate standards from federal statutes prohibiting discrimination have generally found that the cases do not involve federal question jurisdiction. See Rains, 80 F.3d at 343-47 (California law wrongful termination claim which alleged violation of federal and state statutes prohibiting religious discrimination as support for violation of public policy); Dantzler, 1999 WL 1939258 at *4 (North Carolina law negligent retention and supervision claims which alleged defendant employer allowed and condoned continuing violation of federal and state anti-discrimination laws); Wagner, 903 F. Supp. at 969-70 (Virginia law negligence claim in which it was alleged that failure to comply with entrance and exit construction

requirements of Americans with Disabilities Act was negligence); Lamson v. Firestone Tire & Rubber Co., 724 F. Supp. 511, 513-14 (N.D. Ohio 1989) (Ohio law negligence claim based on breach of Title VII duty of employer to investigate employee complaints of sexual discrimination and harassment). See also McPhail, 2003 WL 1750886 at *3-4; McDowell v. Ohio Outdoor Advertising Corp., 1999 WL 1491773 *1 (N.D. Ohio Dec. 30, 1999); Mathews v. Anderson, 826 F. Supp. 479, 481-82 (M.D. Ga. 1993). Compare Danfelt v. Board of County Commissioners of Washington County, Md., 998 F. Supp. 606, 608-10 (D. Md. 1998) (violation of Americans with Disabilities Act or Family Medical Leave Act was a necessary element of Maryland wrongful discharge claim).

In the present case, violation of Title IX is just one possible piece of evidence to be used in establishing defendants' negligence, wilful conduct, and/or deliberate indifference. A violation of Title IX is not an essential element of any of plaintiffs' claims nor central to any of the claims. Plaintiffs could establish all of their claims without claiming that the conduct violated Title IX. Moreover, defendants do not dispute the allegation that the sexual misconduct alleged, and the failure to stop it, violate Illinois statutes and common law as well, including Illinois anti-discrimination laws. Under the circumstances alleged, plaintiffs' claims do not arise under federal law. This case was improvidently removed.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand [5] is granted. The Clerk of the Court is directed to remand

this case to the Circuit Court of Cook County, Illinois, County Department, Law Division. Each party shall bear its own costs of removal.

ENTER:

*[signature: William T. Hart]*
UNITED STATES DISTRICT JUDGE

DATED: JANUARY 15, 2004